UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNG HYUN CHO, et al., | No. 2:17-cv-01073-KJM-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER AND ORDER TO SHOW CAUSE |
| SELECT PORTFOLIO SERVICING, INC., et al., | |
| Defendants. | |

Presently pending before the court is plaintiffs' motion for emergency temporary restraining order ("TRO") and preliminary injunction, filed on August 11, 2017. (ECF No. 61.) Plaintiffs seek to enjoin defendants from enforcing a summary judgment ruling entered against plaintiffs in Solano County Superior Court on August 3, 2017. (Id. at 1–2, 28–32.)

I.  BACKGROUND

Plaintiffs, who proceed pro se, filed their complaint and paid the filing fee on May 22, 2017. (ECF No. 1.) Plaintiffs allege that their basis for subject matter jurisdiction is diversity of citizenship. (Id. at 2–3.) Plaintiffs declare that all plaintiffs and defendants The Wolf Firm and Ronald Lee are citizens of the State of California. (Id.) Plaintiffs seek "recession of the wrongful foreclosure action enforced on the property in question," as well as monetary damages for their labor working on the lawsuit; housing and home improvement costs; emotional depression; unjust

1

enrichment; punitive damages; and collateral damages. (Id at 20–21.)

Subsequently, defendants filed numerous motions to dismiss (ECF Nos. 17, 23, 28, 30, 32) and plaintiffs filed numerous motions in response (ECF Nos. 43, 44, 47), all of which are set for hearing on August 23, 2017 at 10:00 am, before the undersigned. Of note, one of plaintiffs' motions set for August 23, 2017 is their self-styled "Motion to Quash Remand Order; Motion for Recusal of Judge; Motion for Preliminary Injunction to Stop Unlawful Detainer," which plaintiffs filed on July 31, 2017. (ECF No. 47.).

On August 11, 2017, plaintiffs filed the pending motion for emergency TRO and preliminary injunction. (ECF No. 61.) Plaintiffs seek this court to enjoin "defendants and all persons acting on their behalf . . . from executing the summary judgment [order issued by Solano County Superior Court on August 3, 2017], pending entry by the Court of a final judgment in this action." (Id. at 5, 28–32.) Plaintiffs assert that their "concern about summary judgment is that, if the summary judgment is executed, Plaintiffs will have to spend most of their time and efforts to relocating to another place while obstructing them from attending motion hearings and that will determinately harm them and their standing to this federal action pending." (Id. at 3–4.) The court took plaintiffs' motion for TRO and preliminary injunction under submission on August 11, 2017. (ECF No. 63.)

II. DISCUSSION

    A. <u>Emergency Temporary Restraining Order and Preliminary Injunction</u>

The legal principles applicable to a request for injunctive relief are well established. A TRO, as a form of injunctive relief, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Niu v. United States</u>, 821 F. Supp. 2d 1164, 1168 (C.D. Cal. 2011) (citing <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008)). The court may grant a TRO where the moving party is "likely to succeed on the merits,…likely to suffer irreparable harm in the absence of preliminary relief,…the balance of equities tips in his [or her] favor, and…an injunction is in the public interest. <u>Winter</u>, 555 U.S. at 20; see also <u>Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially

identical").

"Under the sliding scale approach…the elements…are balanced, so that a stronger showing of one element may offset a weaker showing of another." Pimentel v. Dreyfus, 670 F.3d 1096, 1105 (9th Cir. 2012) (citations and internal quotation marks omitted); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (preliminary injunction appropriate when a moving party demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in the [moving party's] favor," assuming other Winter elements are also met). However, "'at an irreducible minimum, the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation.'" Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir. 2008) (quoting Dep't of Parks & Recreation v. Bazaar Del Mundo, Inc., 448 F.3d 1118, 1124 (9th Cir. 2006)). Where a party has not shown likelihood of success on the merits, or at least the existence of serious questions going to the merits, the court need not address the remaining Winter elements. See Pimentel, 670 F.3d at 1111.

Moreover, the court will not entertain a motion for injunctive relief that is not supported by: (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 231. Additionally, "[i]n considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." Local Rule 231(b)

The court need not consider the merits of plaintiffs' motion because it is procedurally defective. First, contrary to Local Rule 231(a), plaintiffs have not demonstrated that they provided defendants with actual notice of their motion, or that they even attempted to do so. Plaintiffs filled out an Eastern District TRO checklist, which reads in part:

> [Question] Has there been actual notice, or sufficient showing or efforts to provide notice to the affected party? See Local Rule 65-231 and FRCP 65(b).

> [Plaintiffs' Answer] The movants filed three separate motions with the state court to remedy the judicial error regarding the REMAND order issued by another district court judge, Hon. Morris C. England [sic], who is not in charge of this federal action Case.No. 2:17-CV-KJM-CKD.

(ECF No. 61 at 37.) Plaintiffs do not indicate that they discussed the TRO with defendants; rather, they refer to their prior attempts to prevent Judge England's remand of another case to state court. Furthermore, plaintiffs failed to provide an affidavit detailing the notice or efforts to affect notice. See Local Rule 231(c)(5). Therefore, plaintiffs did not satisfy the notice requirements in the local rules.

Second, on this same TRO checklist, plaintiffs admit that this TRO could have been brought earlier. (Id.) Additionally, plaintiffs have another motion for preliminary injunction set for hearing on August 23, 2017. (ECF No. 47.) Moreover, the summary judgment order, which plaintiffs seek to enjoin, was issued on August 3, 2017, a full week before they moved for this emergency TRO. (See ECF NO. 61 at 28–32.) Pursuant to Local Rule 231(b), the undersigned finds that the untimeliness of this emergency TRO contradicts plaintiffs' allegations of emergency. "Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." Local Rule 231(b).

B. <u>Subject Matter Jurisdiction</u>

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal

jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, plaintiffs' sole listed basis for subject matter jurisdiction is diversity of citizenship. (ECF No 61 at 2–3.) However, plaintiffs' complaint lacks diversity jurisdiction on its face because all plaintiffs and two named defendants are citizens of the State of California. See 28 U.S.C. § 1332; In re Digimarc Corp., 549 F.3d at 1234. Moreover, plaintiffs appear to have failed to state any claim that would justify federal question jurisdiction. 28 U.S.C. § 1331.

III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for emergency temporary restraining order and preliminary injunction (ECF No. 61) is DENIED without prejudice.
2. Within seven (7) days of the date of this order plaintiffs SHALL SHOW CAUSE in writing as to why this action should not be dismissed due to a lack of subject matter jurisdiction.

Dated: August 15, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/17.1073.Cho v. Select Portfolio Servicing. TRO Order