UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNG HYUN CHO; KYU HWANG CHO; EUN SOOK CHO; and EUI HYUN CHO,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY as a subsidiary of Deutsche Bank Americas Holding Corp.; BANK OF AMERICA; WMC MORTGAGE LLC formerly known as WMC Mortgage Corporation; THE WOLF FIRM; RONALD LEE; and SOLANO COUNTY TAX ASSESSOR,<br><br>Defendant. | No. 2:17-cv-01073-KJM-CKD<br><br>ORDER |

Each of the parties that have appeared in the above-captioned case has filed a "Consent to Proceed Before a United States Magistrate Judge." *See* 28 U.S.C. §636(a)(5) and (c); *see also* ECF Nos. 7–10 (consent of plaintiffs), 15 (consent of defendant The Wolf Firm), 18 (defendant Solano Tax Assessor), 20 (defendant Bank of America), 46 (defendant WMC Mortgage LLC), 64 (defendants Select Portfolio Servicing and Deutsche Bank National Trust Company). As of the date of this order, defendant Ronald Lee has been served but has not appeared in this case. *See* ECF No. 13.

The law is not clear whether referral may be appropriate where, as here, all parties that have appeared -- but not all named parties -- have consented to the magistrate judge's jurisdiction. *See Coleman v. Lab. and Indus. Rev. Commn. of Wisconsin*, 860 F.3d 461, 466 (7th Cir. 2017) (noting split between Fifth, Seventh and Eighth Circuits); *see also* 28 U.S.C. § 636(c)(1) (permitting referral "[u]pon the consent of the parties"). A recent appellate decision suggests referral may be appropriate so long as at least one plaintiff and one defendant provide consent. *Coleman*, 860 F.3d at 471 ("That is the crucial element missing here: in our case, only one side of the "v" has consented to the magistrate judge, and under the statute, that is not enough."); *see also id.* at 479 (Easterbrook, J., dissenting from denial of rehearing en banc) ("The suit A v. B & C could go on for years before C is finally dismissed or discovered to be nonexistent; why can't A and B agree in the meantime that their dispute will be resolved by a magistrate judge?"). While this court is sympathetic to the position articulated by the *Coleman* dissent, as several of the parties here have pointed out, a judgment issued by the magistrate judge under the circumstances currently present in this case might not bind defendant Lee, who has been served but has not appeared. *See Henry v. Tri-Services, Inc.*, 33 F.3d 931 (8th Cir. 1994).

Given this ambiguity in the law in the absence of guidance from the Supreme Court or the Ninth Circuit, and to ensure the finality of the court's decisions, the court errs on the side of caution in avoiding embedding a possible jurisdictional flaw in the record. The court thus declines to refer this matter to the magistrate judge under 28 U.S.C. § 636(c) at this juncture. If defendant Lee is dismissed or else judgment issued against him, or if he appears and consents to the magistrate judge's jurisdiction while all other parties maintain their consents, any party may renew a request for referral at that time. In the meantime, the magistrate judge may proceed as provided by Local Rules 302 to 304.

IT IS SO ORDERED.

DATED: August 23, 2017.

_____
UNITED STATES DISTRICT JUDGE