UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNG HYUN CHO, et al.,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>Defendant. | No. 2:17-cv-01073-KJM-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs, who proceed pro se, commenced this action on May 22, 2017, alleging various claims related to two mortgages obtained in 2004 and subsequent foreclosure proceedings.[1] (ECF No. 1.) Defendants have filed numerous motions to dismiss and motions for more definite statement. (ECF Nos. 17, 19, 22, 23, 30, 32.) Plaintiffs have since filed numerous other motions. (ECF Nos. 43, 44, 47, 79.) These motions came on regularly for hearing on August 23, 2017 at 10:00 am. (ECF No 80.) Present at the hearing were pro se plaintiffs Jung Hyun Cho, Kyu Hwang Cho, and Eun Sook Cho; plaintiff Eui Hyun Cho did not appear. Present for defendants were Raymond Bangle for Solano County Tax Assessor ("Solano County") and Joe Aguilar for

---

[1] While all appearing parties have consented to the jurisdiction of the United States Magistrate Judge (see ECF Nos. 7–10, 15, 18, 20, 46, 64), defendant Ronald Lee, who has been served, has neither appeared nor consented. Thus, the undersigned proceeds pursuant to Local Rules 302(c)(21) and 304. (See ECF No. 82.)

1

Select Portfolio Servicing, Inc. ("SPS") and Deutsche Bank National Trust Company ("Deutsche"). Appearing telephonically for defendants were Joel Spann for Bank of America ("BOA"), Jamie Ackerman for WMC Mortgage LLC ("WMC"), and Christine Howson for The Wolf Firm. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.  BACKGROUND

On September 14, 2004, plaintiff Jung Hyun Cho obtained two loans from WMC for $472,000 and $118,000, to acquire the property located at 681 Tuscany Court, Fairfield, California 94534.[2] (ECF No. 33 at 5–21, 23–33.) Notices of Default were recorded on September 11, 2009 (ECF No. 24 at 23–25), March 21, 2012 (ECF No. 24 at 29–32), and August 28, 2014 (ECF Nos. 24 at 36–39). On October 31, 2016, Deutsche purchased the property at 681 Tuscany Court through a trustee's sale. (See ECF Nos. 24 at 41–42; 33 at 43–45.)

Deutsche subsequently filed an action for unlawful detainer against the Chos on April 6, 2017 in state court, based upon their failure to vacate the property after allegedly receiving a 90 day Notice to Quit. (Solano Cty. Super. Ct. FCM154163, Complaint.) On July 5, 2017, the Chos attempted to remove the case to federal court. (E.D. Cal.) 2:17-cv-01357-MCE-DB, Notice of Removal. However, United States District Judge Morrison C. England, Jr. remanded the matter to Solano County Superior Court for lack of federal subject matter jurisdiction. Id., Order dated

---

[2] In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendants BOA and WMC have requested judicial notice of certain documents related to the mortgages at issue in this case. (See ECF Nos. 24, 33.) At the same time, defendants SPS and Deutsche have requested judicial notice of the August 3, 2017 order granting summary judgment in Solano County Superior Court. (See ECF No. 56.) These requests are granted because each document is "accurately and readily determined from sources whose accuracy cannot reasonably be questioned," because each was either recorded in the official records for the County of Solano or is part of a verified state court action. Fed. R. Evid. 201(b).

July 11, 2017. After remand, on August 3, 2017, the Solano County Superior Court granted summary judgment in favor of Deutsche and against the Chos. (ECF No. 56-1.)

Plaintiffs filed the complaint before this court on May 22, 2017. (ECF No. 1.) Liberally construed, plaintiffs' complaint appears to raise the following claims against defendants: (1) violation of plaintiffs' civil rights against discrimination in housing and unreasonable searches and seizures; (2) violation of the Racketeering Influenced and Corruption Organizations Act ("RICO"); (3) violation of the Home Affordable Modification Program ("HAMP"); (4) violations of the False Claims Act (FCA); (5) violation of California Civil Code § 2923.7; (6) wrongful foreclosure; (7) improperly assessing property tax; (8) unfair business practices; (9) breach of contract; (10) breach of fiduciary duty; (11) fraud; (12) undue influence; (13) negligence; (14) negligent infliction of emotional distress; (15) intentional infliction of emotional distress; (16) invasion of privacy; (17) vandalism/theft; and (18) trespass. (See Id. at 4–20.)

By June 23, 2017, each defendant, except for Ronald Lee, had filed a motion to dismiss. (See ECF Nos. 17, 19, 23, 30, 32.) BOA had also filed a separate motion for a more definite statement. (ECF No. 22.) Plaintiffs subsequently filed a motion for judgment on the pleadings (ECF No. 43), a motion to strike (ECF No. 44), and a motion for preliminary injunction (ECF No. 47). Defendants filed various oppositions. (See ECF Nos. 52, 53, 54, 55, 57, 58, 59, 60.) Each of these motions was set for hearing on August 23, 2017 at 10:00 am.

Meanwhile, on August 11, 2017, plaintiffs filed a motion for emergency temporary restraining order and preliminary injunction, to prevent defendants from enforcing the August 3, 2017 state court order granting summary judgment against the Chos. (See ECF No. 61.) On August 15, 2017, the court denied plaintiffs' motion without prejudice, as procedurally defective. (See ECF No. 70.) The court also ordered plaintiffs to show cause why this case should not be dismissed due to lack of subject matter jurisdiction. (Id. at 5.) On August 22, 2017, plaintiffs moved for reconsideration of the order and order to show cause. (ECF No. 79.)

On August 23, 2017, all of the pending motions were heard before the undersigned. (ECF No. 80.) During the hearing, plaintiffs admitted that they have vacated the property at 681 Tuscany Court, as a result of the state court unlawful detainer judgment. (Solano Cty. Super. Ct.

3

FCM154163. ) Speaking on behalf of plaintiffs, Kyu Hwang Cho asserted that, if granted leave to amend their complaint, plaintiffs can state claims under federal question subject matter jurisdiction.

For the foregoing reasons, the undersigned recommends defendants' motions to dismiss be GRANTED; plaintiffs' complaint be DISMISSED WITHOUT LEAVE TO AMEND; and plaintiffs' remaining motions be DENIED AS MOOT.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

////

In considering a motion to dismiss for failure to state a claim, the court accepts all of the well-pled factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071.

III. DISCUSSION

    A. Jurisdictional Threshold

The federal courts are courts of limited jurisdiction. See U.S. Const. art. III, § 2, cl. 1. In the absence of a basis for federal jurisdiction, plaintiffs' claims cannot proceed in this venue.

        1. *Standing*

"Lack of standing deprives this court of Article III jurisdiction." Ctr. for Biological Diversity v. Mattis, No. 15-15695, 2017 WL 3585638, at *6 (9th Cir. Aug. 21, 2017) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103–04 (1998)). Because the question of standing is a threshold jurisdictional issue, federal courts have a duty to examine it. D'Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1035 (9th Cir. 2008).

Plaintiffs have the burden of establishing Article III standing. Colwell v. Dep't of Health and Human Servs., 558 F.3d 1112, 1121 (9th Cir.2009). To meet that burden, they "must establish 'the irreducible constitutional minimum of standing,' consisting of three elements: injury in fact, causation, and a likelihood that a favorable decision will redress the plaintiff's alleged injury." Lopez v. Candaele, 630 F.3d 775, 785 (9th Cir. 2010) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). To establish an injury in fact, they must show that they have suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560.

Generally, "[a] person who is not a party to a contract does not have standing either to seek its enforcement or to bring tort claims based on the contractual relationship." Ambers v.

5

Wells Fargo Bank, N.A., 2014 WL 883752, at *4 (N.D. Cal. Mar. 3, 2014) (citing Mega Life & Health Ins. Co. v.Super. Ct., 172 Cal. App. 4th 1522, 1528–32 (Cal. Ct. App. 2009)). As a result, courts have found that persons who are not parties to mortgage loans lack standing to bring foreclosure related claims such as: civil RICO claims, negligent misrepresentation, fraud, wrongful foreclosures, quiet title, and injunctive relief. See Green v. Central Mortgage Co., 2015 WL 5157479, at *4 (N.D. Cal. Sept. 2, 2015) (collecting case authorities).

Here, Jung Hyun Cho is the only plaintiff listed as a borrower on the mortgages at the heart of plaintiffs' complaint. (See ECF No. 33 at 5–21, 23–33.) Plaintiffs Kyu Hwang Cho, Eun Sook Cho, and Eui Hyun Cho are not parties to these mortgages. (Id.) Therefore, at a minimum, Kyu Hwang Cho, Eun Sook Cho, and Eui Hyun Cho lack standing to bring claims two through six, and eight through thirteen—RICO violations; HAMP violations; FCA violations; violation of California Civil Code § 2923.7; wrongful foreclosure; unfair business practices; breach of contract; breach of fiduciary duty; fraud; undue influence; and negligence—because each relates to the servicing of the mortgages in question. Green, 2015 WL 5157479, at *4.

2.   *Jurisdiction Explicitly Deprived by Congress*

One of plaintiffs' central allegations is that the "Solano County Tax Assessor[] outrageously overrated Plaintiff's property tax to almost double of that for the very next door neighbor . . . [i]ntentionally or negligently . . . [causing] a huge blow to the loan modification process so as to lead up to a wrongful foreclosure." (ECF No. 1 at 19.)

Congress has explicitly provided that federal courts generally lack jurisdiction over local tax assessments, with very few exceptions. See 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."). The Ninth Circuit has explained:

> By its plain language, [28 U.S.C. § 1341] deprives federal district courts of subject matter jurisdiction over actions for injunctive relief from state taxation schemes. [. . .] Actions for declaratory relief present similar considerations as claims for injunctive relief, and therefore are also precluded from review by federal courts. [...] Further, federal courts have generally dismissed cases in which plaintiffs have sought both injunctive or declaratory relief and a

refund or damages.

Marvin F. Poer & Co. v. Ctys. of Alameda, 725 F.2d 1234, 1235 (9th Cir. 1984) (citations omitted).

Moreover, plaintiffs cannot challenge the assessment of a local tax in federal court unless they first demonstrate that they do not have a "plain, speedy and efficient remedy" in state court. 28 U.S.C. § 1341; see also Mandel v. Hutchinson, 494 F.2d 364, 367 (9th Cir. 1974) ("For a state remedy to be 'adequate' under 28 U.S.C. § 1341 it need not necessarily be 'the best remedy available or even equal to or better than the remedy which might be available in the federal courts.'").

Here plaintiffs have not surmounted the high bar set by 28 U.S.C. § 1341 to establish federal jurisdiction over this claim. First, plaintiffs' allegations regarding Solano County's tax assessment are conclusory and vague. Notwithstanding the assertions that other properties have received lower tax assessments (ECF No. 1 at 19), plaintiffs have failed to allege sufficient facts under any valid legal theory to explain how their tax was improperly assessed. Second, while plaintiffs allege that "numerous review requests were declined unfairly," they have failed to explain how the available state remedy is not plain, speedy, and efficient. (Id.) Nor have plaintiffs indicated whether they exhausted administrative and judicial remedies on the state level. Thus, the undersigned finds that this court lacks jurisdiction over plaintiffs' claim that Solano County improperly assessed their property tax.

3. *Subject Matter Jurisdiction*

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

In the August 15, 2017 order and order to show cause, the court put plaintiffs on notice that their complaint fails to establish subject matter jurisdiction:

> Here, plaintiffs' sole listed basis for subject matter jurisdiction is diversity of citizenship. (ECF No 61 at 2–3.) However, plaintiffs' complaint lacks diversity jurisdiction on its face because all

7

> plaintiffs and two named defendants are citizens of the State of California. See 28 U.S.C. § 1332; In re Digimarc Corp., 549 F.3d at 1234. Moreover, plaintiffs appear to have failed to state any claim that would justify federal question jurisdiction. 28 U.S.C. § 1331.

(ECF No. 70 at 5.)

Because the complaint lacks complete diversity between all plaintiffs and all defendants, plaintiffs have failed to establish diversity subject matter jurisdiction for their state law claims five, six, and eight through eighteen: violation of California Civil Code § 2923.7; wrongful foreclosure; unfair business practices; breach of contract; breach of fiduciary duty; fraud; undue influence; negligence; negligent infliction of emotional distress; intentional infliction of emotional distress; invasion of privacy; vandalism/theft; and trespass. See 28 U.S.C. § 1332(a).

In the absence of complete diversity, a federal court may assert supplemental jurisdiction over a plaintiff's related state law claims, provided that federal question jurisdiction has been established. See 28 U.S.C. § 1367. Supplemental jurisdiction is not available here because, for the reasons explained below, the undersigned finds that plaintiffs have failed to establish federal question jurisdiction on the face of their complaint.

### B. Sufficiency of Federal Claims

The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal). Liberally construing plaintiffs' complaint, it appears to raise four claims under federal law.

#### 1. *Civil Rights Claims under 42 U.S.C. § 1983*

Plaintiffs allege that their "civil rights to be free from unequal treatment [i]n housing and [their] civil liberties guaranteed to enjoy privacy and freedom from unreasonable searches and/or trespassing of their home have been severely violated by a multitude of RICO enterprises formed by Defendants comprised of" BOA, Deutsche, SPS, and WMC. (ECF No 1. At 18.)

8

To the extent that plaintiffs allege that their civil rights were violated, they appear to bring claims under 42 U.S.C. § 1983 based upon alleged racial discrimination in violation of either the Fifth or Fourteenth Amendment and alleged unlawful search and seizure in violation of the Fourth Amendment.

"To state a claim for relief under section 1983, the Plaintiffs must plead two essential elements: 1) that the Defendants acted under color of state law; and 2) that the Defendants caused them to be deprived of a right secured by the Constitution and laws of the United States." Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997). The first element requires that defendants have "exercised power 'possessed by virtue of state law and made possible only because [they are] clothed with the authority of state law' . . . [or that defendants'] conduct satisfies the state-action requirement of the Fourteenth Amendment." West v. Atkins, 487 U.S. 42, 49 (U.S. 1988) (citations omitted).

"While generally not applicable to private parties, a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents.'" Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). Courts "recognize at least four different criteria, or tests, used to identify state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" Id.

Importantly, plaintiffs only bring their § 1983 claims against defendants BOA, Deutsche, SPS, and WMC, each of which is a private party. While the mortgages in question were certainly regulated by state and federal law, issuing and servicing mortgage loans does not constitute state action. In the normal course of business, a mortgage is a contract between private parties. There is nothing about this process to suggest that banks and mortgage companies are willful participants in joint action with the state every time they issue or service mortgage loans.

Further, plaintiffs have failed to allege any facts to suggest that there were unique circumstances that demonstrate that BOA, Deutsche, SPS, or WMC was acting under the color of state law when issuing or servicing the mortgages in question. The only traditional state actor named as a defendant in this matter is Solano County, which is alleged to have improperly assessed property taxes on the property in question. (See ECF No. 1 at 17–18.) Plaintiffs allege

that the actions by Solano County created a "major stumbling block" for plaintiffs' attempts at loan modification, and that the "County Tax Assessor unfairly adopted a redlining practice individually targeted at Plaintiff, in cooperation with SPS." (ECF No. 1 at 18.) However, this statement is conclusory and unsupported by any factual allegations that demonstrate cooperation between Solano County and SPS. The court need not accept such bald assertions as true. See Paulsen, 559 F.3d at 1071.

Therefore, plaintiffs have failed to state a claim under 42 U.S.C. § 1983 because they have failed to allege any facts that demonstrate that defendants BOA, Deutsche, SPS, or WMC acted under color of state law.

2. *RICO Claim*

Plaintiffs claim that defendants were involved in a RICO enterprise to violate their civil rights. (ECF No 1. At 18.) "To prevail under RICO, a plaintiff must establish a 'pattern of criminal activity.' [. . .] At a minimum, a 'pattern' requires that the predicate criminal acts be 'related' and 'continuous.'" Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1527 (9th Cir. 1995) (citing H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989)). RICO violations are either a pattern of racketeering activity or the collection of an unlawful debt, or a conspiracy to commit either. See 18 U.S.C. §1962; H.J. Inc, 492 U.S. at 232. A pattern of racketeering activity requires at least two acts committed within 10 years of each other that are related, along with a threat of continuing activity. See 18 U.S.C § 1961(5); H.J. Inc, 492 U.S. at 239.

Here plaintiffs continually refer to defendants' activities as a "RICO enterprise" (See ECF No. 1 at 2, 4, 18), but they fail to identify any conduct that would constitute a RICO violation. Plaintiffs admit that Jung Hyun Cho obtained two legitimate loans in 2004[3] (id. at 2), but they allege that the loans were placed "into a racially bracketed dead-end mortgage securitization trust in a fraudulent scheme to permanently block better terms for qualified but troubled homeowners

---

[3] Plaintiffs do allege that these loans were "predatory subprime loans." (ECF No. 1 at 1.) However, plaintiffs do not provide any factual assertions to suggest that the loans were illicitly issued from the onset. For example, plaintiffs do not challenge the validity of either mortgage instrument that was recorded in Solano County. Rather, the focus of plaintiffs' complaint is on what occurred to these loans after they were issued. (See Id.)

10

to seek long-term predatory profit." (Id. at 4.) These conclusory assertions are not supported by factual allegations that demonstrate that defendants were engaged in a pattern of racketeering activity or that the loans were illegal. The court need not accept such bald assertions as true. See Paulsen, 559 F.3d at 1071.

Therefore, plaintiffs have failed to state a claim under RICO because they have failed to sufficiently allege that defendants were engaged in conduct that violates RICO. See 18 U.S.C. § 1962. Nor could plaintiffs state a claim under RICO, if granted leave to amend, because the servicing of legitimate mortgage loans does not constitute a pattern of racketeering activity.

### 3. *HAMP Claim*

Plaintiffs also appear to bring a claim against defendants for alleged violations of HAMP. Allegedly, "SPS has used a bait-and-switch gimmick to trick Plaintiff into a more affordable modification package under HAMP in order to outbid state and federal injunctions under HAMP." (See ECF No. 1 at 2.)

HAMP was created during the recent subprime mortgage crisis, in an attempt to encourage loan modifications to underwater mortgages:

> In March 2009, the United States Department of Treasury announced the details of the Home Affordable Modification Program as part of the Making Home Affordable Program. Under HAMP, individual loan servicers voluntarily enter into contracts with Fannie Mae, acting as the financial agent of the United States, to perform loan modification services in exchange for certain financial incentives.

Newell v. Wells Fargo Bank, N.A., 2012 WL 27783, at *1 (N.D. Cal. Jan. 5, 2012). As explained above, plaintiffs Kyu Hwang Cho, Eun Sook Cho, and Eui Hyun Cho each lack standing to bring claims related to the servicing of the mortgage loans in this matter, such as a claim under HAMP. What is more, HAMP does not include a private right of action for mortgagees, who may be incidental beneficiaries of a HAMP agreement between a financial institution and the federal government. Id. at *6. Thus, plaintiff Jung Hyun Cho also lacks standing under HAMP, as an incidental beneficiary to any HAMP agreement that may exist between defendants and the government. As a result, plaintiffs' HAMP claim must be dismissed because plaintiffs lack standing to bring a private right of action under HAMP. Id.

11

4.      *FCA Claim*

According to plaintiffs, the "FERA [Fraud Enforcement and Recovery Act] of 2009 may hold WMC and [Deutsche] liable for this mortgage fraud committed against Plaintiff." (ECF No. 1 at 7.) By referencing the FERA, it appears that plaintiffs are claiming that WMC and Deutsche committed mortgage fraud in violation of 31 U.S.C. § 3729, et seq, also known as the FCA.[4]

> The purpose of the FCA is "to discourage fraud against the government." [. . .] The FCA imposes civil liability on any person who knowingly uses a "false record or statement to get a false or fraudulent claim paid or approved by the Government," [. . .] and any person who "conspires to defraud the Government by getting a false or fraudulent claim allowed or paid." [. . .] To encourage the disclosure of potential fraud, under the qui tam provisions of the FCA, relators may "bring a civil action for a violation of [§ ]3729 for the person and for the United States Government."

Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1205–06 (9th Cir. 2009), as amended on denial of reh'g and reh'g en banc (Jan. 6, 2010) (citations omitted). Thus, under the FCA, a private citizen may bring an action on behalf of the government as a whistle blower. 31 U.S.C. § 3730(b).

Here, plaintiffs do not bring any action on behalf of the government. Rather, they allege that defendants defrauded plaintiffs. Therefore, plaintiffs have failed to state a claim under the FCA. See 31 U.S.C. § 3730(b).

IV.     CONCLUSION

Based on the forgoing, there are numerous grounds to dismiss plaintiffs' complaint. Three out of the four plaintiffs lack standing to raise any claims related to the mortgage loans in question. This court lacks jurisdiction to review a local tax assessed by Solano County. Furthermore, plaintiffs lack complete diversity with defendants and they have failed to state a claim under federal law on the face of their complaint.

The court has carefully considered whether plaintiffs should be provided with an opportunity to amend their complaint, especially in light of their pro se status. The court

---

[4] The FERA of 2009 amended and strengthened the FCA. See 31 U.S.C. § 3729, et seq; Elspeth England, The Government Upgrades the False Claims Act: Implications for Federal Construction Contracting, Constr. Law., Winter 2012.

concludes that further leave to amend would be futile. Plaintiffs' only response to the court's order to show cause, regarding a lack of subject matter jurisdiction (ECF No. 70), was to assert at the hearing that they could state valid federal claims, if granted leave to amend. They did not assert that they could cure the lack of diversity, however. As such, whether to grant leave to amend rests upon whether plaintiffs could plead a plausible federal claim in an amended complaint. Yet, there are no set of facts that plaintiffs could allege, consistent with their current allegations, in support of federal claims under 42 U.S.C. § 1983, RICO, HAMP, or the FCA that would entitle them to relief. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–39 (9th Cir. 1996). As explained, plaintiffs cannot allege that BOA, Deutsche, SPS, and WMC were acting under the color of state law when they serviced legitimate mortgage loans. Nor can they provide any allegations consistent with their current factual allegations that demonstrate defendants were involved in a pattern of racketeering or collecting on an illegal loan. Moreover, plaintiffs may not bring claims on their own behalf under HAMP or the FCA.[5]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 17, 19, 23, 30, 32) be GRANTED.
2. Plaintiffs' complaint (ECF No. 1) be DISMISSED, WITHOUT LEAVE TO AMEND, for lack of subject matter jurisdiction, but without prejudice as to the state law claims, so that plaintiffs may pursue those claims in state court if appropriate.
3. Defendants' motion for more definite statement (ECF No. 22), as well as Plaintiffs' motion for judgment on the pleadings (ECF No. 43), motion to strike (ECF No. 44), motion for preliminary injunction (ECF No. 47), and motion for reconsideration of order and order to show cause (ECF No. 79) be DENIED AS MOOT.
4. The Clerk of Court be directed to close this case.

---

[5] The court need not consider plaintiffs' pending motions (ECF No. 43, 44, 47, 79) because they are moot with the dismissal of this action and with plaintiffs' admission that they have already vacated the property in question, pursuant to the state court action plaintiffs had sought to enjoin.

13

1  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 6, 2017

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ps.17-1073.Cho.F&R MTD