UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNG HYUN CHO, et al., | No. 2:17-cv-01073-CKD |
| Plaintiffs, | |
| v. | ORDER |
| SELECT PORTFOLIO SERVICING, INC., et al., | |
| Defendants. | |

Presently pending before the court are defendants' motions to dismiss (ECF Nos. 106, 107, 109, 112, 115, 116) and plaintiffs' motion to compel discovery (ECF No. 126).[1] Plaintiffs have opposed the motions to dismiss and defendants have replied. (ECF Nos. 127–30, 132, 139, 142–46, 148.) Defendants have opposed plaintiffs' motion to compel and plaintiffs have replied. (ECF Nos. 131, 133–36, 141, 149, 152–57.) These matters came on for hearing before the undersigned on August 1, 2018 at 10:00 a.m. Present at the hearing were pro se plaintiffs Jung Hyun Cho, Kyu Hwang Cho, Eun Sook Cho, and Eui Hyun Cho. Nicholas R. Shepard was present for defendant Solano County Tax Assessor ("Solano County"). Present telephonically for

---

[1] This action proceeds before the undersigned pursuant to the parties' consent to the jurisdiction of a United States Magistrate Judge for all further proceedings in this case, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1). (See ECF Nos. 7–10, 15, 18, 20, 46, 64, 75–77, 158–59, 161.)

1

defendants were Brett T. Carmody for Select Portfolio Servicing, Inc. ("SPS") and Deutsche Bank National Trust Company ("Deutsche"); Joel Spann for Bank of America, N.A. ("BOA"); Jamie Ackerman for WMC Mortgage LLC ("WMC"); Christine Howson for The Wolf Firm; and Lindsey Casillas for Ronald Lee and Juan Gomez. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. BACKGROUND

    A.    <u>Relevant Factual Background</u>[2]

On September 14, 2004, plaintiff Jung Hyun Cho obtained two loans from WMC for $472,000 and $118,000, to acquire the property located at 681 Tuscany Court, Fairfield, California 94534. (ECF No. 33 at 5–21, 23–33.) Notices of Default were recorded on September 11, 2009 (ECF No. 24 at 23–25), March 21, 2012 (ECF No. 24 at 29–32), and August 28, 2014 (ECF Nos. 24 at 36–39). On October 31, 2016, Deutsche purchased the property at 681 Tuscany Court through a trustee's sale. (<u>See</u> ECF Nos. 24 at 41–42; 33 at 43–45.)

Deutsche subsequently filed an action for unlawful detainer against the Chos on April 6, 2017 in state court, based upon their failure to vacate the property after allegedly receiving a 90 day Notice to Quit. <u>Deutsche Bank National Trust Company v. Cho, et al.</u>, (Solano Cty. Super. Ct.) FCM154163, Complaint. On July 5, 2017, the Chos attempted to remove the case to federal court. <u>Deutsche Bank National Trust Company v. Cho, et al.</u>, (E.D. Cal.) 2:17-cv-01357-MCE-DB, Notice of Removal. United States District Judge Morrison C. England remanded the matter to Solano County Superior Court for lack of federal subject matter jurisdiction. <u>Id.</u>, Order dated July 11, 2017.

On August 2, 2017, plaintiffs filed a quiet title action in Solano County Superior Court (Case No. FCS049317), which they sought to consolidate with the remanded unlawful detainer action. (ECF No. 103 at 7.) Solano County Superior Court denied the motion to consolidate and granted summary judgment in favor of Deutsche in the unlawful detainer action, on August 3,

---

[2] The court previously took judicial notice of certain documents related to the mortgages at issue in this case, as well as other court orders relevant to this matter. (<u>See</u> ECF Nos. 24, 33, 56, 84.)

2017. (ECF Nos. 56-1; 103 at 7.) On November 21, 2017, defendants' demurer was sustained in the state court quiet title action, and the case was dismissed without leave to amend. (ECF No. 103 at 8.) Plaintiffs have appeals pending in state court in both the unlawful detainer and quiet title actions. (Id.)

B. Relevant Procedural History

Plaintiffs, who proceed pro se, commenced this action on May 22, 2017, alleging various claims related to the two mortgages obtained in 2004 and the subsequent state court proceedings. (ECF No. 1.)

Liberally construed, plaintiffs' initial complaint appeared to raise the following claims against defendants: (1) violation of plaintiffs' civil rights against discrimination in housing and unreasonable searches and seizures; (2) violation of the Racketeering Influenced and Corruption Organizations Act ("RICO"); (3) violation of the Home Affordable Modification Program ("HAMP"); (4) violations of the False Claims Act (FCA); (5) violation of California Civil Code § 2923.7; (6) wrongful foreclosure; (7) improperly assessing property tax; (8) unfair business practices; (9) breach of contract; (10) breach of fiduciary duty; (11) fraud; (12) undue influence; (13) negligence; (14) negligent infliction of emotional distress; (15) intentional infliction of emotional distress; (16) invasion of privacy; (17) vandalism/theft; and (18) trespass. (See ECF No. 1 at 4–20.)

Defendants filed numerous motions to dismiss. (ECF Nos. 17, 19, 22, 23, 30, 32.) A hearing was held on these motions, and on September 6, 2017, the undersigned recommended granting the motions and dismissing the complaint without leave to amend. (ECF No. 84.)

On January 16, 2018, United States District Court Judge Kimberly J. Mueller adopted the September 6, 2017 findings and recommendations (ECF No 84) and granted defendants' motions to dismiss. (ECF No. 91.) At the same time, Judge Mueller afforded plaintiffs limited leave amend. Specifically, Judge Mueller ordered that:

> Plaintiffs' complaint (ECF No. 1) is DISMISSED:
>
> a. Dismissal is with prejudice as to claims 2-6 and 8-13 to extent they are brought by plaintiffs Kyu Hwang Cho, Eun Sook Cho, and Eui Hyun Cho, because they are not borrowers on the mortgage and

    so have no standing to bring claims based on it;

    b. Dismissal is with prejudice as to all claims brought under the False Claims Act or the Home Affordable Modification Program because neither statute provides plaintiffs a private right of action;

    c. Dismissal is with leave to amend as to all remaining claims. Any amendment shall be filed within fourteen days of this order.

(ECF No. 91 at 2.)

    Plaintiffs failed to file an amended complaint within fourteen days of the order. Rather, on February 8, 2018, plaintiffs filed an interlocutory appeal of the January 16, 2018 order. (See ECF Nos. 93, 94.)

    On February 22, 2018, the court advised plaintiffs that their interlocutory appeal did not automatically stay the proceedings in this matter, and plaintiffs were afforded an additional 14-day extension to file an amended complaint, consistent with the court's January 16, 2018 order. (ECF No. 96 at 1–2.) Plaintiffs were explicitly advised that failure to file an amended complaint "may result in monetary sanctions, or a recommendation to dismiss this action for failure to prosecute." (Id. at 2.) Plaintiffs again failed to comply with the court's order.

    Thereafter, on April 5, 2018, the undersigned recommended dismissal of this matter, pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 100.) On April 17, 2018, plaintiffs filed objections to the undersigned's recommendations. (ECF No. 101.) However, plaintiffs did not file an amended complaint or request any additional time to do so. Instead, plaintiffs appeared to move for reconsideration of the court's January 16, 2018 order dismissing the complaint with leave to amend. (See ECF No. 101.) The court denied that request as plaintiffs did not demonstrate any relevant change to the law or facts to warrant reconsideration. (ECF No. 102.)

    The court also afforded plaintiffs yet another opportunity to file an amended complaint that complied with the terms of the court's January 16, 2018 order, no later than May 10, 2018. (ECF No. 102.) On May 11, 2018, one day past the court's deadline, plaintiffs filed a first amended complaint ("FAC"), which is mistakenly captioned as the second amended complaint. (ECF No. 103.)

### C. First Amended Complaint

Plaintiffs' FAC is sixty-six pages long, rambling, and difficult to follow. (See ECF No. 103.) Early in the FAC, plaintiffs apparently invoke federal question subject matter jurisdiction as the basis for this court's jurisdiction. (ECF No. 103 at 1, see 28 U.S.C. § 1331.) According to plaintiffs, "[t]he rationale for federal question underscores the long-term undue influence and malpractice causing both mental and physical injuries to not only Jung, the borrower, but also his family Kyu, Eun, and Eui so broad enough to invoke standing to RICO offenses premised on FHA violations." (ECF No. 103 at 1.)

Liberally construed, the FAC appears to raise the following claims: (1) violations of FCA; (2) violations of HAMP; (3) RICO violations; (4) violations of the Fair Housing Act of 1968 ("FHA"); (5) violation of the Real Estate Settlement Procedures Act ("RESPA"); (6) violation of the Sarbanes-Oxley Act of 2002 ("SOX"); as well as (7) several claims based on California state law—fraud, wrongful foreclosure, invasion of privacy, trespass, conversion, adverse possession, economic duress, negligence, collusion, and violation of California Civil Code §§ 2923.6 and 2923.7. (See Id. at 22–23; 25-53.) Plaintiffs also added a new defendant, Juan Gomez, in the amended pleading. (Id. at 1.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase

Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the well-pled factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071.

III.     ANALYSIS

    A.     Rooker-Feldman Doctrine

In this matter, plaintiffs essentially seek to relitigate and unwind the state court foreclosure, unlawful detainer, and quite title actions. Specifically, the FAC seeks relief in the form of "recission [sic] of the wrongful foreclosure and reconveyance of Property" to plaintiffs, as well as monetary damages. (ECF No. 103 at 53.) As explained, plaintiffs have state court appeals pending in the unlawful detainer and quiet title actions. (See ECF No. 103 at 8.)

A federal district court does not have jurisdiction to review errors in state court decisions in civil cases. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state

court's application of various rules and procedures pertaining to the state case." Samuel v. Michaud, 980 F. Supp. 1381, 1411–12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997); see also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action). That the federal district court action alleges the state court's action was unconstitutional does not change the rule. Feldman, 460 U.S. at 486. In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." Samuel, 980 F. Supp. at 1412–13.

Stripped to its essence, this action is one for federal court review of state court proceedings—proceedings that are currently pending on appeal in state court. Accordingly, this action is subject to dismissal for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine.

B. Failure to State a Claim

Even if plaintiffs' claims were not barred by Rooker-Feldman, dismissal is nonetheless appropriate because plaintiffs have failed to state any federal claim. Plaintiffs' FAC, while lengthy, simply does not state sufficient factual matter to state any claim to relief that is plausible on its face. See Iqbal, 556 U.S. at 678. Broadly, the FAC claims that defendants have conspired together to defraud plaintiffs, to fraudulently induce them into signing mortgage documents, and to racially discriminate against them. (See generally ECF No. 103.) However, the FAC lacks any factual allegations beyond plaintiffs' baseless and conclusory allegations.

Specifically, the court finds that the FAC has failed to correct the issues previously identified with the purported RICO claims (see ECF No. 84 at 10–11) as well as plaintiffs' allegations regarding the County of Solano's property tax assessment (see id. at 6–7).

Moreover, to the extent that plaintiffs' claims are predicated on allegations of fraud, the pleading is wholly insufficient. As the FAC lacks sufficient particularity to state any claim, it is even more lacking in the particularity necessary to state a claim of fraud. Fed. R. Civ. P. 9 ("In

7

alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").

C. <u>Leave to Amend</u>

The court has carefully considered whether plaintiffs should be provided with an additional opportunity to amend their complaint, especially in light of their pro se status. The court concludes that further leave to amend would be futile. Plaintiffs have continually failed to follow the courts' orders. Plaintiffs missed multiple deadlines to submit an amended complaint and never requested additional time to submit such a pleading. (<u>See</u> ECF Nos. 91, 96, 100, 102.) Nonetheless, plaintiffs were provided three opportunities to file an amended complaint. (<u>Id.</u>) Moreover, the amended pleading plaintiffs eventually filed failed to comply with the court's prior orders.

First, the FAC was filed <u>after</u> the final deadline provided by the court. (<u>See</u> ECF Nos. 102, 103.) Second, Kyu Hwang Cho, Eun Sook Cho, and Eui Hyun Cho attempt to state claims related to the mortgages in question, even though the court has already determined that they lack standing to bring any such claims. (<u>See</u> ECF Nos. 91, 103.) Third, plaintiffs attempt to reassert claims under FCA and HAMP, even though the court has previously dismissed such claims with prejudice. (<u>See</u> ECF Nos. 91, 103.) Fourth, as explained, the FAC lacks sufficient factual material to state any claim, even though the court previously advised plaintiffs of their failure to sufficiently state a claim in the initial complaint. (<u>See</u> ECF Nos. 84, 91, 103.)

Further leave to amend would only prejudice defendants and strain the court's resources, as plaintiffs have demonstrated that they are unable to state a claim in this matter or follow the court's orders.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motions to dismiss (ECF Nos. 106, 107, 109, 112, 115, 116) are GRANTED.
2. The action is DISMISSED as to all defendants with prejudice.
3. Plaintiffs' motion to compel (ECF No. 126) is DENIED as moot.

/////

4. The Clerk of Court shall close this case.

Dated:  August 14, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE